# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Roy M. Thompson and Jennifer Thompson, on behalf of themselves and all others similarly situated, )<br>)<br>) | Civil Action No. __2:24__-cv-02075-RMG |
| Plaintiffs,  )<br>) | |
| vs.  )<br>) | **DEFENDANTS' NOTICE OF REMOVAL** |
| CalAtlantic Group, LLC and Lennar Corporation,  )<br>)<br>) | |
| Defendants.  )<br>_____  ) | |

Defendants CalAtlantic Group, LLC ("CalAtlantic") and Lennar Carolinas, LLC, incorrectly named in the Complaint as "Lennar Corporation," ("Lennar") (collectively, "Defendants"), by and through their undersigned counsel, hereby remove this action to the United States District Court for the District of South Carolina, Charleston Division, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, based on the following grounds:

## I. BACKGROUND

1. On March 14, 2024, Plaintiffs Roy M. Thompson ("Roy Thompson") and Jennifer Thompson ("Jennifer Thompson"), on behalf of themselves and all others similarly situated, (collectively "Plaintiffs") filed the Complaint captioned *Roy M. Thompson and Jennifer Thompson, on behalf of themselves and all others similarly situated v. CalAtlantic Group, LLC and Lennar Corporation*, Case No. 2024-CP-18-00474, in the South Carolina Court of Common Pleas for Dorchester County (the "State Court Action"). A copy of the Summons and Complaint and all other process, pleadings, and orders in the State Court Action, as required under 28 U.S.C. § 1446(a), is attached hereto as **Exhibit A**.

2. In the Complaint, Plaintiffs allege "[t]his case concerns the Defendants' negligent/gross negligent/reckless construction of a House with serious structural defects, which structural defects also exist at other similar houses built by Defendants in South Carolina." (Compl. ¶ 3). They allege "the problem [i]s due to an improper I-joist running the length of the second floor." (Compl. ¶ 10). Plaintiffs seek to bring a putative class action for:

> All South Carolina owners of a "Georgetown model" house constructed by CalAtlantic Group, LLC or Lennar Corporation who either have not discovered the deficient I-beam issue on the second floor of their home, or who discovered the deficient I-beam issue less than three (3) years before the filing of this Complaint.

(the "Putative Class"). (Compl. ¶ 42). According to the Complaint, "[t]he exact number of Georgetown model houses built in South Carolina is unknown . . . but is believed to be in the hundreds." (Compl. ¶ 45).

## II. PROCEDURAL REQUIREMENTS

3. On March 19, 2024, Defendants were served with process. Therefore, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it is filed within thirty days of receipt by Defendants through service of process.

4. Venue is proper in the United States District Court for the District of South Carolina, Charleston Division, pursuant to 28 U.S.C. § 1441(a), as it is the federal judicial district and division corresponding to where Plaintiffs filed suit, where the subject property is located, and where Defendants' alleged acts or omissions giving rise to this action allegedly occurred.

5. Pursuant to 28 U.S.C. § 1446(b)(2)(A), all defendants who have been properly served join in and consent to the removal of this action.

6. Defendants will file a copy of this Notice of Removal with the Clerk of the South Carolina Court of Common Pleas for Dorchester County and serve Plaintiffs' counsel with the same pursuant to 28 U.S.C. § 1446(d).

7.     Defendants have not yet answered or otherwise responded to the Complaint. Therefore, Defendants will file and serve a responsive pleading or motion to the Complaint within the time allowed under Rule 81(c) of the Federal Rules of Civil Procedure.

8.     Defendants have simultaneously filed with this Notice of Removal their Answers to the Interrogatories required by Local Civil Rule 26.01.

9.     By filing this Notice of Removal, Defendants do not waive any procedural or substantive rights or defenses and do not admit Plaintiffs are entitled to any relief whatsoever.

### III.  GROUNDS FOR REMOVAL

*Grounds for Removal under 28 U.S.C. § 1332(a)(1)*

10.     According to the Complaint, Plaintiffs are residents of South Carolina. (Compl. ¶ 1). Therefore, Plaintiffs are citizens of South Carolina. See Madden v. Petland Summerville, LLC, No. 2:20-cv-02953-DCN, 2020 WL 6536913, at *2 (D.S.C. Nov. 6, 2020) (citing Scott v. Cricket Commc'ns, LLC, 865 F.3d 189, 195 (4th Cir. 2017)) ("For the purposes of jurisdiction, a person is a citizen of the state in which she is domiciled.").

11.     The Complaint contains no allegations as to Defendants' citizenship. Lennar is a limited liability company whose sole member, Lennar Homes, LLC, is a limited liability company whose sole member, U.S. Home, LLC, is a limited liability company whose sole member, Lennar Corporation, is a corporation incorporated under the laws of Delaware with its principal place of business in Florida. (Petras Aff. ¶¶ 4–14, attached as **Exhibit B**). Therefore, Lennar is a citizen of Delaware and Florida. See Madden, 2020 WL 6536913, at *2 (citation omitted) ("A limited liability company organized under the laws of a state is not a corporation . . . but rather is an unincorporated association, akin to a partnership for diversity purposes, whose citizenship is that of all its members."); 28 U.S.C. § 1332(c) ("[A] corporation shall be deemed to be a citizen of

every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.").

12. CalAtlantic is a limited liability company whose sole member, Lennar Corporation, is a corporation incorporated under the laws of Delaware with its principal place of business in Florida. (Petras Aff. ¶ 15). Therefore, CalAtlantic is a citizen of Delaware and Florida. See Madden, 2020 WL 6536913, at *2; 28 U.S.C. § 1332(c).

13. Accordingly, there is complete diversity of citizenship between the parties under 28 U.S.C. § 1332(a)(1). See Madden, 2020 WL 6536913, at *2 (quoting Athena Auto., Inc. v. DiGregorio, 166 F.3d 288, 290 (4th Cir. 1999)) ("Complete diversity exists where 'the state of citizenship of each plaintiff [is] different from that of each defendant.'").

14. Although the Complaint does not demand a sum certain, Plaintiffs assert causes of action styled as "Breach of Contract"; "Negligence/Gross Negligence/Recklessness"; "Breach of Warranty"; "S.C. Unfair Trade Practices Act"; and "Class Action—All Claims Except SCUTPA." (Compl. ¶¶ 15–50). In their claims for breach of contract and breach of warranty, Plaintiffs allege that as a "direct and proximate result of Defendants' breaches of . . . contract" and "breach of warranty," they have "sustained damage" and "pray for a Judgment against Defendants in an amount equal to the cost to investigate and repair the I-joist issue, diminished value of their home [purchased in 2022 for $413,485.00], loss of use, and the attorney's fees and costs of this action." (Compl. ¶¶ 6, 19, 20, 30, 31). In the negligence/gross negligence/recklessness cause of action, Plaintiffs allege "Defendants' gross negligence, willfulness, and reckless disregard for the rights of the Plaintiffs . . . have actually and proximately caused damages to the Plaintiffs" and that "Defendants are liable to the Plaintiffs in an amount of the actual, incidental, consequential, special, and punitive damages in an amount to be determined by the trier of fact." (Compl. ¶¶ 24,

25).  In their South Carolina Unfair Trade Practices claim, Plaintiffs allege they "have sustained damages" "[a]s a direct and proximate result of the Defendants' unfair trade practices" and that "Defendants are liable to the Plaintiffs in an amount of the actual, incidental, consequential, special, and punitive damages in an amount to be determined by the trier of fact, as well as treble damages and attorney's fees and costs as provided under the Act."  (Compl. ¶¶ 38, 39).  In the class action claim, Plaintiffs allege that "each member of the Class is entitled to a Judgment for the actual, incidental, consequential, special, and punitive damages in an amount to be determined by the trier of fact."  (Compl. ¶ 50).  In the Complaint's prayer for relief, Plaintiffs request an award of "actual damages, consequential damages, and incidental damages," "punitive and exemplary damages," "reasonable attorneys' fees, expert witness fees, litigation related expenses, and court and other costs incurred in litigating this action," and "[s]uch other and further relief as the Court deems just and proper."  (Compl. WHEREFORE ¶).

15.     In light of these allegations, causes of action, and Plaintiffs' potential recovery under the same, the amount in controversy exceeds the $75,000.00 jurisdictional threshold under 28 U.S.C. §§ 1332(a) and 1446(c)(2).  See Smalls v. Credit Acceptance Corp., Case No.: 9:16-cv-01954-CWH, 2017 WL 11311516, at *6 (D.S.C. Mar. 23, 2017) (quoting Dixon v. Edwards, 290 F.3d 699, 710 (4th Cir. 2002)) ("In the Fourth Circuit, 'it is settled that the test for determining the amount in controversy in a diversity proceeding is the pecuniary result to either party which [a] judgment would produce.'"); 28 U.S.C. § 1446(c)(2) ("[T]he notice of removal may assert the amount in controversy if the initial pleading seeks nonmonetary relief or a money judgment but State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded."); Smalls, 2017 WL 11311516, at *6 (citing Battery Homeowners Ass'n v. Lincoln Fin. Res., Inc., 422 S.E.2d 93, 95–96 (S.C. 1992); S.C.R.C.P. 54(c)) ("South

Carolina law authorizes recovery of damages in excess of the relief requested in a complaint."); Dart Cherokee Basin Operating Co. v. Owens, 574 U.S. 81, 89 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."); Chaplin v. Progressive N. Ins. Co., C.A. No. 9:10-388-MBS, 2010 WL 11639917, at *2 (D.S.C. July 14, 2010) (citation omitted) ("While the Plaintiffs' punitive damages are unspecified, if punitive damages are awarded, the amount of controversy would be over the statutory minimum."); S.C. Code § 39-5-140(a) (SCUTPA provision authorizing treble damages); Francis v. Allstate Ins. Co., 709 F.3d 362, 368 (4th Cir. 2013) ("Generally, attorney's fees are not included in the amount-in-controversy calculation, but courts have created two exceptions to this rule: (1) if the fees are provided for by contract; or (2) if a statute mandates or allows payment of attorney's fees."); S.C. Code § 39-5-140 ("Upon the finding by the court of a violation of [SCUTPA], the court shall award to the person bringing such action under this section reasonable attorney's fees and costs.").

16. Because there is complete diversity of citizenship between the parties and the amount in controversy exceeds the requisite jurisdictional amount, this action is removable under 28 U.S.C. §§ 1332(a)(1) and 1441.

### *Additional Grounds for Removal under 28 U.S.C. §§ 1332(d) and 1453*

17. This case is additionally removable under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), 1453, 1711–15, ("CAFA"). See, e.g., Shattuck Pharm. Mgmt., P.C. v. Prime Therapeutics, LLC, Case No. CIV-21-0221-F, 2021 WL 2667518, at *2 (W.D. Okla. June 29, 2021) ("CAFA . . . does not displace a party's ability to remove under traditional diversity principles."); Lowrimore v. Severn Trent Env't Servs., Inc., Case No. CIV-15-475-RAW, 2016 WL 799127, at *1 n.3 (E.D. Okla. Feb. 29, 2016) ("CAFA does not displace conventional diversity

class action rules . . . but rather augments them" so that "[f]ederal subject matter jurisdiction may be premised on either."); Aldrich v. Univ. of Phoenix, CIVIL ACTION NO. 3:15–CV–00578–JHM, 2015 WL 5923594, at *2 (W.D. Ky. Oct. 9, 2015) (collecting cases) ("It is widely accepted that both CAFA and traditional diversity jurisdiction are available to class action litigants."); Stell v. Gibco Motor Express, LLC, No. 3:15-cv-1105-DRH-DGW, 2016 WL 2620178, at *2 (S.D. Ill. May 9, 2016) ("CAFA does not supplant traditional diversity jurisdiction; it supplements it.").

18. Removal under CAFA is permissible when: (1) the matter in controversy exceeds the sum or value of $5,000,000.00, exclusive of interest and costs, 28 U.S.C. § 1332(d)(2); (2) any member of a class of plaintiffs is a citizen of a state different from any defendant, 28 U.S.C. § 1332(d)(2)(A); and (3) there are 100 or more proposed plaintiff class members, 28 U.S.C. § 1332(d)(5)(B). Russo v. Eastwood Constr. Partners, LLC, No. 2:22-cv-1686-DCN, 2023 WL 2386453, at *3 (D.S.C. Mar. 7, 2023) (citing Dart, 574 U.S. at 84) ("Defendants seeking to remove a case under CAFA need only file a notice of removal containing a plausible 'short and plain' statement of the facts to meet the jurisdictional requirements for removal; the notice need not contain evidentiary submissions.").

19. CAFA applies here because this is a civil action filed under Rule 23 of the South Carolina Rules of Civil Procedure. See 28 U.S.C. § 1332(d)(1)(B) (defining class action as "any civil action filed under this rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action"); 28 U.S.C. § 1711(2) (definition includes a removed action); 28 U.S.C. § 1332(d)(8) (class need not be certified before a court may assert federal jurisdiction over the action under CAFA).

20.	Plaintiffs are citizens of South Carolina because they are residents of South Carolina. (Notice of Removal ¶ 11, *supra*). The Complaint does not allege the citizenships of the members of the Putative Class; however, it alleges that the members are owners of Georgetown model homes built in South Carolina "believed to be in the hundreds." (Compl. ¶¶ 42, 45).

21.	Under CAFA's altered formula for determining the citizenship of a limited liability company, a limited liability company is a citizen of "the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10). Under CAFA, Lennar is a citizen of Delaware and Florida because it is a limited liability company organized under the laws of Delaware with its principal place of business in Florida. (Petras Aff. ¶¶ 4–5). Under CAFA, CalAtlantic is a citizen of Delaware and Florida because it is a limited liability company organized under the laws of Delaware with its principal place of business in Florida. (Petras Aff. ¶ 15).

22.	Accordingly, the citizenship of at least one plaintiff is different from the citizenship of at least one defendant under 28 U.S.C. § 1332(d)(2)(A).

23.	In light of the allegations in the Complaint, the amount in controversy exceeds CAFA's $5,000,000.00 jurisdictional threshold because the aggregate value of the claims of the members of the Putative Class exceeds this threshold. See 28 U.S.C. § 1332(d)(6) ("In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."); Bartnikowski v. NVR, Inc., 307 F. App'x 730, 734 (4th Cir. 2009) ("To determine whether the jurisdictional minimum is satisfied, the district court looks to the aggregated value of class members' claims."). The Complaint does not allege the specific number of members in the Putative Class; only that they are the owners of Georgetown model homes built in South Carolina

"believed to be in the hundreds." (Compl. ¶¶ 42, 45). Assuming only 200 members (*i.e.*, the minimum number to constitute "hundreds"), the amount in controversy per member would only need to be $25,000 plus one cent to exceed CAFA's jurisdictional threshold; assuming only 100 members (*i.e.*, the minimum number to meet CAFA's requirement of 100 or more members of a proposed class under 28 U.S.C. § 1332(d)(5)(B)), the amount in controversy per member would only need to be $50,000 plus one cent to exceed CAFA's jurisdictional threshold. As explained above, the amount in controversy for Plaintiffs' claims alone exceed $75,000.00 as the owners of one Georgetown model home. (See Notice of Removal ¶¶ 15–16, *supra*). Therefore, when considering the aggregate value of the members of the Putative Class, which allegedly includes Plaintiffs whose amount in controversy exceeds $75,000.00, the amount in controversy for the Putative Class exceeds CAFA's $5,000,000.00 jurisdictional threshold under 28 U.S.C. § 1332(d)(6).

24.     There are 100 or more proposed plaintiff class members under 28 U.S.C. § 1332(d)(5)(B) because the Complaint alleges that the members of the Putative Class are owners of Georgetown model homes built in South Carolina "believed to be in the hundreds." (Compl. ¶¶ 42, 45).

25.     Because the amount in controversy exceeds CAFA's jurisdictional threshold, at least one member of the class of plaintiffs is a citizen of a state different from at least one defendant, and there are 100 or more proposed plaintiff class members, this action is removable under CAFA.

WHEREFORE, Defendants hereby remove the State Court Action to this Court.

*(SIGNATURE BLOCK ON FOLLOWING PAGE)*

Respectfully submitted,

**MOORE & VAN ALLEN PLLC**

*s/ Christopher A. Ogiba*
Christopher A. Ogiba, Federal ID No. 9042
Lauren N. Vriesinga, Federal ID No. 12188
Daniel R. Fuerst, Federal ID No. 12616
78 Wentworth Street
Charleston, SC 29401
(843) 579-7000
chrisogiba@mvalaw.com
laurenvriesinga@mvalaw.com
danielfuerst@mvalaw.com

*Counsel for Defendants*

April 18, 2024